# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KELSEA D. WIGGINS, et al.,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

Civil Action 2:19-cv-3223
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Stay Discovery. (Doc. 25). For the following reasons, Defendants' Motion is **GRANTED in part** and **DENIED in part**. Until the Court rules on Defendants' Motion to Dismiss, the parties shall engage in limited discovery pertaining to Ohio transactions only. In light of this Order, the parties are **DIRECTED** to file a proposed Rule 26(f) Report by **February 5, 2020**, and the Court will hold a preliminary pretrial conference on **February 12, 2020, at 11:00 a.m.**

### I. BACKGROUND

Plaintiff Kelsea Wiggins, an Ohio Citizen, has filed two putative, nationwide class actions against Defendants Bank of America, N.A. ("BANA") and Bank of America Corporation ("BAC"), (collectively "Defendants") related to Defendants' assessment of overdraft fees. (*See* 2:19-cv-3223; 2:19-cv-3485). Two non-Ohio citizens, Christian Portillo and Jonathan Mull joined Ms. Wiggins as named Plaintiffs in the case presently before the Court. (*See* 2:19-cv-3223, Doc. 1). Plaintiffs seek "legal and equitable remedies resulting from Bank of America's practices of

systematically assessing $35.00 fees to its customers for overdrafts triggered by microtransactions of $1.00 or less (and often times as little as a single cent)." (Doc. 1, ¶ 1).

Procedurally, this case is still in its early stages. The parties have not yet had their preliminary pretrial conference or engaged in discovery. (*See* Doc. 26). Defendants moved to dismiss on September 27, 2019. (Doc. 11). In their Motion, they make four primary arguments in support of dismissal: (1) the Court does not have personal jurisdiction over non-Ohio Plaintiffs; (2) federal law preempts Plaintiffs' common law claims; (3) Plaintiffs' claims fail on the merits; and (4) Plaintiffs' state law claims cannot proceed on a nationwide basis. (*See generally* Doc. 11-1). Defendants filed a Motion to Stay Discovery on December 27, 2019, requesting that the Court stay discovery pending resolution of their Motion to Dismiss. (Doc. 25). That Motion is fully briefed and ripe for resolution. (*See* Docs. 25, 27, 28).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And, as is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citation omitted) (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery").

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Id.* (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)).

At bottom, "[t]he Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

### III. DISCUSSION

In moving to stay discovery, Defendants focus primarily on the jurisdictional questions in this case. Specifically, Defendants contend that the Court does not have personal jurisdiction over the claims of non-Ohio class members. (Doc. 25 at at 1–3 (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017)). And according to Defendants, if the Court grants their Motion to Dismiss, the case will become an "Ohio-only case." (Doc. 28 at 1). Defendants therefore seek to avoid purportedly unnecessary discovery, contending that "it matters a great deal whether the scope of discovery involves the Bank's customers in the State of Ohio or (as Plaintiffs seek) every single one of its accounts in the United States." (*Id.* at 2). In response, Plaintiffs assert that, as a general rule, this Court does not stay discovery based on the pendency of a motion to dismiss, even in cases presenting jurisdictional questions. (Doc. 27 at 2–5 (citing cases)).

3

On this point, the Undersigned agrees with Plaintiffs. It beyond dispute that this Court "frequently" has found that "'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.'" *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018) (quoting *Bowens*, 2010 WL 3719245, at *2). This is true for several reasons. First, "'[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.'" *Ray*, 2018 WL 4907080, at *2 (quoting *Williams v. New Day Farms, LLC*, No. 2:10-cv-394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010)). Indeed, "'such a notion is directly at odds with the need for expeditious resolution of litigation," and, because "'motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.'" *Ray*, 2018 WL 4907080, at *2 (quoting *Williams*, 2010 WL 3522397, at *2). Further, Defendants' Motion "'would require the [C]ourt to make a preliminary finding of the likelihood of success on the motion to dismiss,'" which "'would circumvent the procedures for resolution of such a motion.'" *Ray*, 2018 WL 4907080, at *2 (quoting *Williams*, 2010 WL 3522397, at *2).

Additionally, none of the "special circumstances" weighing in favor of a complete stay of discovery are present in this case. *See Ohio Valley Bank*, 2019 WL 2170681, at *2. For example, Defendants' Motion to Dismiss does not "raise[] an issue such as immunity from suit, which would be substantially vitiated absent a stay." *Ray*, 2018 WL 4907080, at *2 (quotation marks and citation omitted). Nor is it "patent that the case lacks merit and will almost certainly be dismissed." *Id.* (quotation marks and citations omitted). While Defendants insist that their Motion to Dismiss is meritorious, (*see generally* Docs. 25-1, 28), "the Court cannot conclude that Plaintiffs' claims are frivolous or that it is highly likely that Defendants' Motion to Dismiss will be granted." *Ray*,

2018 WL 4907080, at *2 (citing *Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-cv-00709, 2017 WL 486820-1, at *1– 2 (explaining that it is "unpersuasive for a party to rely on the strength of the motion to dismiss in moving for a motion to stay, unless the complaint is clearly frivolous," and that the court is "not inclined to grant a stay based on one party's view of the strength of" its motion)).

But the Court must also weigh the relative discovery burdens in this case. *See Peters*, 2014 WL 6687146, at *3. Plaintiffs assert that a discovery stay would result in prejudice because it would "den[y] [them] the opportunity to obtain facts to be used in the event the Court's decision on the Motion to Dismiss grants Plaintiffs leave to file an amended complaint." (Doc. 27 at 6). But despite Plaintiffs' contention that such prejudice would be "substantial," they have not asserted that they need additional discovery to respond to the Motion to Dismiss, which is now fully briefed, or that such discovery is time-sensitive and will not be available after a ruling on Defendants' Motion to Dismiss. The Court considers this relatively light burden against Defendants' potentially heavy burden of producing robust discovery. Defendants assert that, because "Plaintiffs' claims concern transaction-level inquiries into individual bank accounts for a nationwide class," the granting of its Motion to Dismiss, would "eliminate the claims of two-thirds of the named plaintiffs and the lion's share of the putative class." (Doc. 28 at 2). Therefore, according to Defendants, "it matters a great deal whether the scope of discovery involves the Bank's customers in the State of Ohio or (as Plaintiffs seek) every single one of its accounts in the United States." (*Id.*).

In balancing these competing hardships, the Court finds that the scale tips in Defendants' favor. The mere fact that Defendants filed a case-dispositive motion does not tip the scale one way or the other; however, the Court is mindful of Defendants' desire to avoid expansive

5

nationwide class discovery at this stage of the litigation. On the other hand, Plaintiffs are entitled to discovery. On balance, the Court finds that the most just outcome is to allow the parties to proceed with limited discovery. Given Defendants' concerns that this case will become an Ohio-only case following a resolution of its Motion to Dismiss, the Court will limit discovery to only Ohio transactions. In other words, the parties shall engage in discovery in earnest but shall not begin nationwide class discovery while the Motion to Dismiss remains pending.

In light of this Order, the parties are **DIRECTED** to file a proposed Rule 26(f) Report by February 5, 2020, and the Court will hold a preliminary pretrial conference on February 12, 2020, at 11:00 a.m.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery (Doc. 25) is **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.

Date:   January 29, 2020                             /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE