# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KELSEA D. WIGGINS; CRISTIAN A. PORTILLO II; and JONATHAN MULL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A.; and BANK OF AMERICA CORPORATION, <br><br> Defendants. | Case No. 2:19-cv-03223-EAS-KAJ <br><br> Judge Edmund A. Sargus <br><br> Magistrate Judge Kimberly A. Jolson |

### STIPULATED ORDER UNDER
### FEDERAL RULES OF EVIDENCE 502(d) AND (e)

1. PURPOSE

This Order under Federal Rules of Evidence 502(d) and (e) reflects the Parties' agreement to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively, "Document(s)") against claims of waiver.

2. CLAWBACK NOTICE

In the event that a producing party claims that it inadvertently produced Documents subject to a legally recognized claim of privilege or work-product protection or Documents containing non-public third-party information, it shall provide written notice of the claim to the receiving party (a "Clawback Notice"), identifying the subject Documents.

3. COVERED DOCUMENTS

    (a)     For purposes of this Order, "Covered Documents" include:

        (i)        Documents specified in a Clawback Notice that were produced fewer than thirty (30) days prior to receipt of the Clawback Notice by the receiving party; and

        (ii)        Documents specified in the Clawback Notice up to 5% of the Documents in the production to which the Clawback Notice relates.

(b)        The producing party is not obligated to provide any explanation or evidence regarding the reasonableness of efforts taken to prevent the production of Covered Documents.

(c)        The production of any Covered Document shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding. This Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Covered Documents.

4.        <u>NON-COVERED DOCUMENTS</u>

(a)        With respect to Documents specified in a Clawback Notice that are not Covered Documents under this Order ("Non-Covered Documents"), Federal Rule of Evidence 502(b) shall apply.

(b)        With respect to Non-Covered Documents, a Clawback Notice must describe the steps taken to prevent disclosure and the steps taken to rectify the error (which may include following Federal Rule of Civil Procedure 26(b)(5)(B)), to enable the

receiving party to make a reasoned decision as to whether it wishes to challenge the reasonableness and/or timeliness of such steps.

5. PROCEDURES FOLLOWING CLAWBACK NOTICE

    (a) Upon receipt of a Clawback Notice (regardless of whether the receiving party agrees with the producing party's claim of privilege) or upon determining that information it received is privileged or work-product- protected, the receiving party must promptly return, sequester, and/or destroy the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and must notify the producing party when this is complete.

    (b) If a receiving party challenges a claim that a Document specified in a Clawback Notice is privileged or work-product-protected, the receiving party shall notify the producing party of its positions within 14 days of receiving the Clawback Notice asserting the claim.  Within 14 days of the producing party receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination, and may submit the document(s) at issue for in camera review.

    (c) If a receiving party challenges a Clawback Notice pertaining to a Non-Covered Document on the ground that the production of the Document was not inadvertent by the producing party, that the producing party did not take reasonable steps to

prevent the production of the Document, or that the producing party did not take reasonable or timely steps to rectify the production of the Document, the receiving party shall notify the producing party of its positions within 14 days of receiving the Clawback Notice. Within 14 days of the producing party receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination, and may submit the Document(s) at issue for in camera review.

6. PROHIBITION ON USE OF PRIVILEGED INFORMATION

To the extent any party is aware that it has obtained, or it is reasonably apparent that the party has obtained, privileged or work-product-protected information through production, disclosure, or communications, such information may not be used, submitted to the Court (except in connection with a challenge of the privilege assertion), presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.

**IT IS SO STIPULATED**, through Counsel of Record.

| | |
|---|---|
| AHDOOT & WOLFSON, PC | WINSTON & STRAWN, LLP |
| By: *s/* Henry J. Kelston | By: *s/* Ryan Dunigan |
| Robert Ahdoot  PRO HAC VICE | Kobi Kennedy Brinson (*pro hac vice*) |
| rahdoot@ahdootwolfson.com | KBrinson@winston.com |
| Henry J. Kelston PRO HAC VICE | 300 South Tryon Street, 16th Floor |
| hkelston@ahdootwolfson.com | Charlotte, North Carolina 28202 |
| 10728 Lindbrook Drive | Tel: (704) 355-7747 |
| Los Angeles, California 90024 | |
| Tel: (310) 474-9111 | Ryan Dunigan (*pro hac vice*) |
| Fax: (310) 474-8585 | RDunigan@winston.com |
| | Ross J. Corbett (*pro hac vice*) |
| HEDIN HALL LLP | RCorbett@winston.com |
| Frank S. Hedin  PRO HAC VICE | 35 West Wacker Drive |

| | |
|---|---|
| fhedin@hedinhall.com<br>1395 Brickell Ave, Suite 900<br>Miami, Florida 33131<br>Tel: (305) 357-2107<br>Fax: (305) 200-8801<br><br>O'CONNOR, HASELEY, & WILHELM LLC<br>John Haseley<br>haseley@goconnorlaw.com<br>34 North Fourth Street, Suite 340<br>Columbus, Ohio 43215<br>Tel: (614) 426-8840<br><br>*Counsel for Plaintiffs and the Putative Class* | Chicago, Illinois 60601<br><br>DENTONS BINGHAM GREENEBAUM LLP<br>Christie A. Moore (Ohio Bar #91904)<br>Christie.moore@dentons.com<br>3500 PNC Tower<br>101 South Fifth Street<br>Louisville, Kentucky 40202<br>Tel: (502) 589-4200<br><br>*Counsel for Defendants* |

SO ORDERED.

DATE:   April 28, 2020

s/Kimberly A. Jolson
_____
HON. KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

5