IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELSEA D. WIGGINS, et al.,

        Plaintiffs,

v.

        Civil Action 2:19-cv-3223
        Judge Edmund A. Sargus
        Magistrate Judge Kimberly A. Jolson

BANK OF AMERICA, N.A., et al.,

        Defendants.

**OPINION AND ORDER**

Plaintiff filed a Motion to Compel Discovery and for Award of Costs and Fees on September 29, 2020. (Doc. 77). She attached the declaration of her counsel, as well as over 200 pages of supporting exhibits. (Doc. 78). The next day, Plaintiff moved to file under seal eleven of these exhibits. (Doc. 79). Defendants do not oppose this request. (*See id*. at 1). For the reasons that follow, Plaintiff's Motion (Doc. 79) is **DENIED**.

**I.    STANDARD**

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in

favor of openness' as to court records." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305–06 (quotation marks and citation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation marks and citation omitted).

## II.   DISCUSSION

Plaintiff's Motion falls far short of the Sixth Circuit's standard for sealing court records. She asserts that the exhibits at issue should be sealed because Defendants "identified these documents, or portions of these documents, as either 'confidential' or 'highly confidential' pursuant to the terms of the Protective Order" and that Defendants "assert that these documents contain confidential trade secret information." (Doc. 79 at 2).

But "[a]s the Sixth Circuit has noted, there is a 'stark difference' between court orders which preserve the secrecy of proprietary information while parties trade discovery and orders which seal the court's record." *Borum v. Smith*, No. 4:17-CV-17, 2017 WL 2588433, at *1 (W.D. Ky. June 14, 2017) (quoting *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)). As explained, a motion to seal must analyze in detail the documents at issue, provide legal citations supporting the requested seal, and show that the requested seal is narrowly tailored. *See Shane Grp., Inc.*, 825 F.3d at 307. Said differently, "[t]he party seeking protection from public filing must do more than simply allege the information constitutes confidential business information which, if revealed, could harm the company." *Yoe v. Crescent Sock Co.*, No. 1:15-CV-3-SKL, 2017 WL 11479990, at *2 (E.D. Tenn. Mar. 24, 2017) (citation omitted).

Yet this is precisely what Plaintiff does. She relies on a "naked conclusory statement" that the documents contain confidential trade secrets. *Brown & Williamson*, 710 F.2d at 1180 (quotation marks and citation omitted). Such a statement "falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal." *Id*. (quotation marks and citation omitted). Plaintiff's Motion is **DENIED** as a result. The Court notes that, since Defendants apparently believe these documents contain trade secrets, they may elect to file a motion to seal consistent with the Sixth Circuit's standard described above. Any such motion must be filed within seven (7) days of the date of this Opinion and Order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to File Documents Under Seal (Doc. 79) is **DENIED**.

IT IS SO ORDERED.


Date: October 5, 2020                              /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE