IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELSEA D. WIGGINS, et al.,

      Plaintiffs,

  v.

                                      Civil Action 2:19-cv-3223
                                      Judge Edmund A. Sargus
                                      Magistrate Judge Kimberly A. Jolson

BANK OF AMERICA, N.A., et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants' Unopposed Motion to Seal. (Doc. 98). For the reasons that follow, Defendants' Motion is **GRANTED**, and the Clerk shall substitute Exhibits E, F, G, and H of Document Number 78-1 with the redacted versions of these exhibits (Docs. 98- 2–5).

    **I.**      **BACKGROUND**

Defendants assert that Plaintiff filed four exhibits in support of her Motion to Compel without informing them that they contained information Defendants had marked as "Highly Confidential" under the parties' protective order. (Doc. 98-1 at 1). Defendants now move to seal these documents, asserting that they disclose their "internal business plans, strategic information, and information about product pricing, all of which are trade secrets." (*Id*.). Plaintiff does not oppose Defendants' Motion to Seal. (*See* Doc. 98).

    **II.**      **STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id*. (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 (quotation omitted) ("Only the most compelling reasons can justify non-disclosure of judicial records.")

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id*. at 307–08 (internal citations and quotations omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id*. at 306 (quotation omitted).

### III. DISCUSSION

Defendants contend that the exhibits at issue "disclose [their] internal business plans, strategic information, and information about product pricing, all of which are trade secrets." (Doc. 98-1 at 1). Defendants explain that Plaintiff, in support of her Motion to Compel, filed exhibits containing her second set of discovery requests, which quote or summarize information from Defendants' interrogatory response and "executive presentations." (*Id.*). Defendants note that Plaintiff placed this information in the record "not for the content of the trade secrets they quoted, but to show that the parties had a discovery dispute that was not the subject of her motion to compel," and as such, "the public can readily understand the contours of the parties' dispute from" the redacted versions of these exhibits. (*Id.* at 2) (internal citation omitted).

Defendants elaborate on the materials at issue. Each exhibit "describe[s] overdraft policies the Bank considered but did not implement and the reasons why those policies were not ultimately approved;" "describe[s] the process by which the Bank's overdraft policy was approved;" and "quotes from an executive presentation disclosing the Banks's reasoning for adopting a policy, including its assessment of its competitors and summaries of internal information about customer behavior and reactions to the policy." (*Id.* at 5).

Defendants have met their burden to seal these exhibits and file redacted versions in their place. To begin, Defendants set forth compelling reasons to seal this information. As noted, they contend that the exhibits at issue include:

> descriptions of policies that the Bank considered but ultimately did not adopt; the timing and consideration of the Bank's approval of a policy; and extensive quotes from an executive presentation that disclosed the Bank's reasoning behind a change in policy, including its assessment of competitors and summaries of internal information about customer behavior and reactions to the policy.

3

(*Id*.).  Defendants also represent that the information is of use to their competitors to craft their own overdraft policies in an effort to acquire a portion of Defendants' market share.  (*Id*.).

"This Court has repeatedly held that companies have a compelling interest in protecting such information from their competitors—especially where, as here, disclosure would cause a competitive disadvantage."  *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (citing *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("This Court has previously recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents containing "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy")).

Additionally, the public can understand the nature of the discovery dispute at issue in Plaintiff's Motion to Compel without accessing the redacted information.  So Defendants' interest in protecting their trade secrets outweighs the public's interest in accessing unredacted versions of these exhibits.  *See, e.g.*, *London Computer Sys.*, 2019 WL 4110516, at *4 ("[T]he public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion.").  Moreover, the seal is narrowly tailored to protect only the information described above.  *See Shane Grp.*, 825 F.3d 299 at 305.  Indeed, Defendants seek not to seal these exhibits in their entirety, but rather, to file redacted versions on the public docket.  (Doc. 98-1 at 6–7); *see also Ranir*, 2017 WL 3537195, at *3 (granting motion to seal where only the party's "confidential business plans" were redacted).

4

In sum, Defendants have met their burden to justify sealing the exhibits at issue.

**IV.    CONCLUSION**

Defendants' Motion (Doc. 98) is **GRANTED**, and the Clerk shall seal Exhibits E, F, G, and H (Doc. 78-1) and file the redacted versions (Docs. 98-2–5) on the public docket.

IT IS SO ORDERED.


Date:  December 2, 2020                    /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE