## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**KELSEA D. WIGGINS, individually and on
behalf of all other similarly situated,**

**Plaintiffs,**

v.

**BANK OF AMERICA, N.A.; and BANK OF
AMERICA CORPORATION,**

**Defendants.**

**CASE NO. 2:19-cv-03223**

**Judge Edmund A. Sargus, Jr.**

**Magistrate Judge Kimberly A. Jolson**

### OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Reconsider, or In the
Alternative, to Amend Order to Add Certification (ECF No. 84) and Defendant's Motion to Stay
Deposition and Expert Discovery (ECF No. 111). For the following reasons, the Court **DENIES**
both motions.

### I.  BACKGROUND

Plaintiffs filed this suit against Defendants on July 25, 2019, alleging breach of the
covenant of good faith and fair dealing, unconscionability, conversion, and unjust enrichment.
Plaintiffs maintained personal checking accounts with Defendants and brought this suit to
challenge Defendants' assessment of overdraft fees.

On September 27, 2019, Defendants moved the Court to dismiss the case for failure to state
a claim. (ECF No. 11). At that time, Defendants argued that the Court did not have personal
jurisdiction over Bank of America. Defendants also argued that Plaintiffs' claims were preempted
by the National Bank Act and that each of Plaintiffs' claims failed on additional grounds. On
September 22, 2020, this Court denied Defendants' motion. (ECF No. 74.)

Defendants now move the court to reconsider or certify for interlocutory appeal the part of the Court's September 22, 2020 Opinion and Order that held that Plaintiff's claims are not preempted by the National Bank Act. (ECF No. 84.) Defendants also request a stay of discovery until this Court decides its request for reconsideration or interlocutory appeal and until it decides a new motion to dismiss Defendants have filed. (ECF No. 111.)

## II. RECONSIDERATION

### A. Standard

The Sixth Circuit has set forth three circumstances under which courts may reconsider interlocutory orders: (1) when there is an "intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Co. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (internal quotation marks omitted). A motion for reconsideration is "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). "[D]istrict courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.").

### B. Analysis

Defendants argue in their motion for reconsideration that (1) the Court's Order

2

incorrectly distinguished *Monroe Retail*; (2) the Order relied on overturned law, namely, *Gutierrez*, *Wachovia Bank*, *and In re Checking*; (3) the Order was based on a reading of the Complaint that Plaintiff rejected during discovery.[1] To the first and second arguments, the Court already extensively considered *Monroe Retail, Gutierrez, Wachovia Bank*, and *In re Checking* and rejected Defendants' arguments. Defendants do not cite cases decided after the Court's September 22, 2020 Order. (Mot. for Reconsideration at 6–7.)

Third, Defendants argue that Plaintiff's claims are preempted because Plaintiff's motion to compel discovery (ECF No. 77) suggested that she was challenging the overdraft fees because they are excessive, not because of the process of assessing the fees. (Mot. for Reconsideration at 5.) A new fact revealed during discovery, however, is proper for summary judgment and not a reconsideration of a motion to dismiss.

The Court concludes that Defendants offer no sufficient reason for this Court to grant reconsideration of its Motion to Dismiss (ECF No. 11).

## III. INTERLOCUTORY APPEAL

### A.    Standard

Section 1292(b) of Title 28 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

---

[1] Defendants also in the conclusion indicate that "[t]he Order went beyond the parties' briefing and raised issues that Bank of America could not address before the Order issued." (Mot. at 13, ECF No. 84-1.) Nowhere in the brief, however, do Defendants address this argument. In any event, the Court disagrees with Defendants' assessment of the scope of its decision.

As evidenced by the plain text, § 1292(b) certification is proper when "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). All three elements must be met before certification is appropriate.

An interlocutory appeal under § 1292(b) "should be sparingly applied and is to be used only in exceptional cases." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966)); *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (same); *In re General Motors, LLC*, No. 19-0107, 2019 WL 8403402, at *1 (6th Cir. Sept. 25, 2019) (stating appeal under § 1292 is "the exception, granted only in an extraordinary case.").

## B.  Analysis

Defendants argue that this Court should certify an immediate appeal because "[t]he Court of Appeals should also be invited to decide whether it wants to give its opinion on whether the National Bank Act preempts Plaintiff's challenge to the manner in which the Bank assesses overdraft fees," and the applicability *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), to class actions has not been decided by the Sixth Circuit. (Defs' Mot. at 9, 12.) Defendants' arguments are not well taken.

In its Motion to Dismiss, Bank of America asked the Court to strike the Complaint's nationwide class allegations based on *Bristol-Myers Squibb* and argued that the National Bank Act preempts Plaintiff's case. This Court addressed these arguments in detail and rejected them.

Defendants have not met the requirement that substantial ground for difference of opinion exists regarding the correctness of the decision nor why an immediate appeal is appropriate in

this litigation. Instead, they repeat the arguments they made in their request for reconsideration –

that, in their view, the Court misinterprets the law and the pleadings, and that "[t]he Sixth Circuit

should be given the opportunity to make its opinion known, if it chooses to accept a petition for

interlocutory review." This may likely be said by any party who does not prevail in a motion

before this Court (*i.e.*, that the Court misinterpreted the law misapplied that law to the facts).

And, the Sixth Circuit will be given the opportunity to make its opinion known in the normal

course of litigation. There are simply no exceptional circumstances such that an interlocutory

appeal should be granted in this case.

## IV. STAY

Defendants ask for a stay of this case until the Court decides their request for

reconsideration or interlocutory appeal, and their new motion to dismiss. Because the Court has

already considered the motion for reconsideration or interlocutory appeal, the request for a stay

has been rendered moot. As to the request for this Court to stay the case pending its decision on

Defendants' second motion to dismiss, it is denied. That motion will be addressed in the normal

course of litigation

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration, or In the

Alternative, to Amend Order to Add Certification is **DENIED**. (ECF No. 84.) Accordingly,

Defendant's Motion to Stay Deposition and Expert Discovery is also **DENIED AS MOOT in**

**part and DENIED in part**. (ECF No. 111.)

**IT IS SO ORDERED.**

**Date:** _____9 - 27 - 2021_____

_____

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**